UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 95-CR-345-D

UNITED STATES OF AMERICA,

  Plaintiff,

v.

12. JESSICA ANN RITMAN-DEFELICE,

  Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court in connection with the letter submitted by

Defendant Jessica Ann Defelice dated May 26, 2006 (docket #510) ("Motion"), in which

Ms. Defelice requests that I permanently remove this case from her background check

file.  By way of background I note that the indictment filed against Ms. Defelice in this

case was dismissed prior to trial by Order entered November 26, 1997, and Ms.

Defelice was <u>never</u> prosecuted for the offenses charged in the indictment.

Initially, I determined that the relief sought by Ms. Defelice is expungement of

her record and I requested a response from the Government.  On July 18, 2006, the

Government filed a response stating that the Assistant United States Attorney "is not

clear what the defendant is requesting in her letter to the Court [DOC 510].  If the Court

believes the defendant is asking for the expungement of her court record in this case,

then the government takes no position on that request."  In her letter, Ms. Defelice

writes that since dismissal of the indictment she has "set out to better [her] life," and is

currently working and going to school full-time.  I assume the request in Ms. Defelice's

letter is based on her concern that the fact that she was indicted will negatively impact

her desire to enrol in school and obtain employment.  The Court is sympathetic to Ms.

Defelice's situation.  However, even assuming I have the authority to expunge Ms.

Defelice's record, I find that it would not be appropriate to do so in this case.[1]

Expungement would result in the permanent removal from the Court's file any record of

Ms. Defelice's indictment, as well as any record of the dismissal of the indictment.

However, the Court cannot control whether third parties who already posses

information concerning Ms. Defelice's indictment continue to disseminate that

information.  In other words, I cannot remove this case from Ms. Defelice's "background

check file."  If I expunged Ms. Defelice's record, and an individual attempted to verify

through Court records that the indictment against Ms. Defelice was dismissed, they

would be unable to do so.

I note again that the indictment entered against Ms. Defelice was dismissed prior

to trial by Order entered November 26, 1997, and that Ms. Defelice was never

prosecuted for the offenses charged in the indictment.

For the reasons stated herein, the Motion is **DENIED.**

---

[1]The Court's equitable power to expunge after dismissal of the charges or
acquittal is extremely narrow and warranted only in extreme and unusual
circumstances.  *See United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993); *Unties
States v. Linn*, 513 F.2d 925, 927-28 (10th Cir. 1975).  The Court cannot exercise its
discretion to order expunction without a factual showing of harm or "extreme
circumstances."  *United States v. Friesen*, 853 F.3d 816, 817 (10th Cir. 1988).

Dated:  August 15, 2006

BY THE COURT:
s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge